Thank you, Your Honors. Good morning. Brett Shoemate on behalf of the appellant, Steve Swinger. I'd like to reserve two minutes of my time for rebuttal, if I may. Okay. Your Honors, this case never should have been brought in federal court in the first place. This is a private property dispute between two individuals, Mr. Vanderpol, the plaintiff below, and my client, Mr. Swinger. The Federal Quiet Title Act extends federal court jurisdiction to adjudicate disputes to real property in which the United States claims an interest. In this case, the government never claimed an interest in a property that is the subject of the dispute between Mr. Vanderpol and Mr. Swinger. In fact, the government urged the district court to dismiss the case for lack of subject matter jurisdiction, and deny that it had any role in the dispute between Vanderpol and Swinger. Is it the government who has to assert the interest, or your opponent seems to argue that it could be Mr. Vanderpol, sort of on the government's behalf, to assert the government's claim? The precedent, Lysnoy in Alaska, says that it's the government that must assert the claim. However, there's an exception in Lysnoy. The general rule is that the dispute has to be between the United States and the plaintiff. But in that case, the court carved out a narrow exception, where there's a stranger to the case. In that case, it was a person named Stratman, who was asserting a claim on behalf of the United States that puts a cloud over the plaintiff's title. Mr. Vanderpol is not a stranger to the case, he's the plaintiff. He follows within the general rule, which says that the United States and the plaintiff have to be in a dispute. What the statute requires is a ripe dispute between the plaintiff and the United States, and the government has to be asserting a claim to the property that's the subject of the dispute. You don't have that in this case. And then the next, the following question is, when does... Assuming the government does have to do it, when does the government have to do it? Does it have to do it at the time of the filing of the complaint, or would it be adequate if the government had done it at the time of the filing? Because I understand you dispute as well, but let's say they'd set it in their answer, or set it at some point in the course of the litigation, would that do? And if not, why not? It would not. The subject matter jurisdiction must be judged at the time the complaint is filed. Now, the answer is certainly relevant, but you're looking at the answer to decide whether the government had asserted a claim to the property before the complaint was filed. So if, for example, the government had asserted a claim for the very first time in their answer, which was filed two months after the complaint was filed, that would not be sufficient to invoke a federal forum to adjudicate a private property dispute. What you need is the government asserting a claim to the property, and a ripe dispute at the time the complaint is filed. For example, in this case, what the government had to do was it filed an answer which basically said, we don't know anything about this property, we need to investigate. At that time, it was a concession by the government that they had not asserted a claim to the property at the time the complaint was filed. Even after investigating, they still didn't... I think paragraphs 1.4 and 3.4 of their answer are very telling. They deny there's a subject matter jurisdiction. In fact, paragraph 1.4 of Mr. Vanderpoel's complaint, he alleged the government's interest may potentially be implicated by the outcome of the dispute. The government denied that in both answers. And then they denied paragraph 3.4 of the complaint, which alleged that there was a bona fide dispute between Vanderpoel, Swinger, and the United States. They denied that. You don't have either element that Lace Noyce says you have to have to have a ripe dispute in federal court. You have to have a claim by the government, and you have to have a ripe dispute. You have neither in this case. So did the statute of limitations ever accrue in this case? We don't know because the plaintiff never alleged when his claim accrued. I think that's significant. The government denied subject matter jurisdiction in their answer, and they said the case should be dismissed based on the statute of limitations. So the government's position was we've never asserted a claim, therefore the plaintiff's claim, a cause of action, has never even accrued under the Quiet Title Act. And under this court's precedent... If it hadn't accrued, there would be no statute of limitations. If it hadn't accrued, there couldn't possibly be a claim by the United States, which means there was no waiver of sovereign immunity. And again, this is a statute that waives the government's sovereign immunity. But when does his claim... Excuse me? When does his claim accrue? The plaintiff's claim accrues when he knew or should have known that the United States had a claim to the property. Even if they haven't asserted an interest. Well, if they haven't asserted an interest, the claim can't even accrue, which means... Right. So the statute wouldn't start to run if the government hasn't asserted an interest. Right. So if there can only be subject matter jurisdiction if the claim is accrued. Right. Okay. So if we are agreed with you, what would happen to the court's rulings on the various other issues, like estoppel and anti slap? Those just go all out? Yes, they have to be... They're all vacated because the court had no jurisdiction? Right. So in licensing... And your counterclaims. Yes, the entire case would be dismissed. The case could be re brought in state court. Right. But what I would ask the court to consider is that even if the court dismisses for lack of subject matter jurisdiction, in lacing away what the court did was reverse every order of the district court related to the... Excuse me, the Alaska case, the Black River. Those orders were reversed. But in this case, I would urge the court, even if it dismisses for lack of jurisdiction, to also consider the collateral estoppel issue because this issue is gonna come up again in further litigation. You're asking us to rule on some aspects of the merits, even though we have no subject matter jurisdiction? I'm not sure I understand you. Right. Because... But if we have no subject matter jurisdiction, how can we say anything with respect to any aspect of the merits? I think it would be appropriate to give guidance to the parties on remand, either in the... I'm not sure you're understanding the thrust of the question, or maybe you are. If we have no subject matter jurisdiction, we can't say anything, period, except that we have no subject matter jurisdiction. And I would be fine with that remedy, Your Honor. If the court agrees that there is no subject matter jurisdiction, the case should be dismissed. If the court wanted to consider pining on the merits of the collateral estoppel issue, I think the court... Be within the court's discretion, there's still a case for controversy, there's still a ripe dispute, although there wouldn't be jurisdiction over that issue. Jurisdiction, if you translate it from the Latin, means speaking of the court, and if we don't have jurisdiction, we cannot speak as the court. If the court decides that, we'd be happy with the dismissal and reversal on all grounds. But if the court doesn't dismiss for lack of jurisdiction, and the court does decide to reach the collateral estoppel issue, we urge the court to reverse the district court's order, granting summary judgment to Mr. Vanderpoel, based on collateral estoppel. And I'd just like to touch on two reasons today. Well, let me ask you the one that's of interest to me, and maybe it's one of your two. You say that it's not collateral estoppel because the state court didn't have to say that Vanderpoel owned it, or that Swinger didn't own it. But really, all Vanderpoel needs at this point, vis a vis Swinger, is just to say, as the state court did, Swinger doesn't own it. He may not be saying that Vanderpoel does, but all Vanderpoel has to do to acquire a title vis a vis Swinger is to show that Swinger doesn't own it, which it seems that one might argue the state court did rule. I respectfully disagree, Your Honor. Under Washington law, the plaintiff in acquired title action has to succeed based on the strength of his own title, not the weakness of his opponent's title. And what Mr. Vanderpoel's claim in this case was that he acquired title based on adverse possession or accretion. Whether Mr. Vanderpoel owned the property or not, it was irrelevant to those claims. So in the state court case, even assuming the court decided that narrow issue, which Mr. Swinger disputes, it doesn't resolve Mr. Vanderpoel's claim. He still had to prove by accretion or adverse possession that he acquired title to the property. What the district court essentially did was award the property by process of elimination. And under Washington law, you don't do that. What part of Washington law? What's your authority there? Is that statutory law, case law? There's a case called Horse High Heaven that we cite in our briefs. Horse High Heaven? Yes, it's a great case name. But the court said exactly what I described to the court. He has to succeed based on the strength of his own title, not simply based on the weakness in Mr. Swinger's title. And that's what the district court did in this case. Okay, you're now to about a minute and a quarter. Do you wanna save the time? I would like to save the time. Thank you, Your Honor. Thank you, Your Honor. Thank you, may it please the court, Mark Lee, representing appellee Doug Vanderpoel. The jurisdictional issue is interesting, but it's not very relevant. And this is the reason why, and this is the nuance of the case that Mr. Swinger is ignoring. The United States government owns this property in fee by title. When you say this property, which property are you talking about? The disputed area. Oh, the part that was sold. Oh, okay. The United States owns... If you'd stand behind the podium, that'd be great. Thank you. The United States owns a piece of property in fee, just like any other property owner. One of the boundary lines is on the Nooksack River. Its boundary line is determined by the location of the Nooksack River. Mr. Vanderpoel shares a common boundary line with that of the government. So the government claims an interest by its ownership, inherent in the ownership interest of the lot. When the river moved over the last 100 years, the boundary lines moved. Not only the boundary lines that are adjacent to the river, but the boundary line between Mr. Vanderpoel and the government. That is the dispute... I understand the factual proposition that the river moves. Yes. And I understand the basic underlying law. Property ownership changes or doesn't change, depending on whether it's accretion or revulsion. I understand those general principles. But you need the United States to have asserted some sort of claim, which the United States has not done. They have. They have by the fact that they own the real estate. It's inherent as part of your ownership interest. You say they own. I say they need to assert some claim of ownership. Well, I don't know whether they own or not, but it appears to me that they have not asserted a claim of ownership. As if it's your house. Do you have to assert a claim of ownership? No, you assert it by the nature of your ownership interest. Well, for purposes of the statute, maybe I do. Your house if the bank owns it. But the reality is... I wanna make sure what you're saying. You're saying that this whole land that both plaintiff and defendant occupy on their lots are at the sufferance of the government. No, I'm not saying that... How do they... Do they have fee title to those lots? Yes, all three parties do. Okay, so if they have fee title to their respective lots, how does the government have fee title to the land which includes those lots? The government doesn't have fee title to the lots owned by Mr. Vanderpool or Mr. Swinger. It has fee title in its property, which is controlled by the location of the river. When the river moves, the common boundary line between Mr. Vanderpool and the US property also move. So at the time of the commencement of the action, the United States government as an owner of real estate claimed an inherent interest in the property as located where the river was located. Do you have a fallback argument? Yeah, even if that's not the case, the reality is that the government claimed an interest at the... When the suit was commenced, we pled that they owned the real estate, we pled that they owned the real estate as it's moved through the river, and the United States government admitted that in the pleadings. They asserted an ownership interest by admitting their ownership interest in the property and admitting that they owned the property as the river has moved. Not only that, the United States government... Where did they admit that? In their amended answer. They admitted our allegations... Page in line or a little short quote to see what it is you're relying on? Yes. And also, is the answer time enough? He says it has to be at the time of filing. Well, again, at the time of filing, what they're suggesting is that we can't file a claim to establish this common boundary line until the United States absolutely announces to the world, we claim that we own where the river... That's not the case. That's not what this... Why not? Well, because the United States... This court has already determined in US versus Alaska that that is not the case. As you stated, it would have accomplished very little indeed if the United States could obtain a dismissal of any state quiet title suit by adopting a litigation position of refusing to state whether it asserted a claim or not. So the claim can be asserted as part of the action, which the United States did here when they in the stipulation and the subsequent adopted order of the court in which the United States and Mr. Vanderpol stipulated to the location of the common boundary line as the river had moved. No, we've managed to get away from an answer to Judge Wilkins' question. You said that the United States in its answer said something that asserted a claim to the disputed property. I apologize. That's okay. I cited that in my brief on Mr. Vanderpol and the admissions by the federal government. I don't know if the court wants me to read those, but I can, but I did. Well, yeah. I think the question was, could you please point us to what the United States admitted in its answer that you claim helps you? In our amended complaint, we asserted that the United States government owned government lot one, which is their lot. We want something out of the answer. USA. Yes, we own this property. And their answer was federal defendant admits that the legal description set forth in exhibit C to plaintiff's complaint corresponds to the original description of a parcel of land it owns in Whatcom County, Washington. Now, I have the government's answer in front of me. Where are you reading from? That's paragraph 1.3 of their amended answer. Okay. Then in paragraph 2.2 of their amended answer, in response to our assertion that the U.S. property was bounded on one side by the Nooksack River, which had moved over time, the U.S. said, federal defendant admits that it has owned property with a property description which corresponds to that set forth in exhibit C to plaintiff's complaint herein, that a portion of this property adjoined the Nooksack River, that the Nooksack River is inalicable, and that the bed of the Nooksack River has experienced slow, imperceptible, and natural movement in location since surveyed by the government land office in 1873. Those, by the way, are the exact terms of accretion which would correspondingly move the boundaries of the United States' property based on a location of the river. Then in paragraph 3.3, in response to our allegation that the boundaries of the United States' property includes all property landward of the left bank of the Nooksack River as it now exists, the government said, federal defendant admits that the boundaries of the three properties... What paragraph are you in? 3.3. 3.3. I apologize, Your Honor. Federal defendant admits that the boundaries of the three properties in so far as they adjoin the Nooksack River are ambulatory and that they follow and have been consequently altered by changes in the course of the river over time. Well, I'm looking at one word in paragraph 2.2. Federal defendant admits that it has owned property. The has gives me pause. It does not say does own. It says has owned. What am I supposed to do with that? Well, I don't know because in specific reference to the particular piece of property, they admitted they owned it and they owned it now. No, no, they don't say that. They say federal defendant admits that it has owned property, does not say it does own. But in answer to our assertion that they owned the property legally described in exhibit C, which is their government lot, they admitted they owned that. I'm not sure. I don't know. Owned in the past. That's why I'm focusing on the word has, has owned. I don't know what to say about that. All I know is in paragraph 1.3, it says it owns the property that's legally described as exhibit C, the particular property at issue. I'm sorry, what paragraph says that? 1.3. We allege that the United States owned the property that was legally described as exhibit C. Oh, that's in your complaint. And then they responded, we admit that the property described in exhibit C is owned by the US government. It is owned, yeah. Original description of a parcel. Now, has the description changed? I mean, why are they saying the original description? The description absolutely hasn't changed because the description inherent in it is its location is determined by where the river is located. So there's no change in the deed title legal description. It's just the physical location on the ground that's changed through the movement of the river. So the legal description stays the same. Could you give me just a second on collateral estoppel? Do you agree with the horse's high heaven? No, your honor. I think that a quiet title plaintiff actually has to prove his own title, not just prove that the opponent doesn't own it. Your honor, you hit it on the head. In the action, the collateral estoppel was that he owned the property and his affirmative defense is that he owned it. Once that was done, Mr. Swinger, I'm sorry, Mr. Vanderpoel still had to establish his own title. The court didn't... State court are you talking about or in federal court? No, the federal court. The federal court didn't grant title to Mr. Vanderpoel based upon collateral estoppel. It merely dismissed Mr. Swinger's counterclaim. Right, but what was the effect of the state court judgment? Did that show only that Swinger didn't own it or did that show that Vanderpoel did own it? It only established that he owned it. He says horse's high heaven shows it must have... But we did go forward after Mr. Swinger's claim was dismissed by the federal district court. We then went forward and proved our title. In state court? In the federal court. No, we weren't a party in the state court action. In the federal court action, we established our title through stipulation with the United States government. And so we didn't establish our title through collateral estoppel. We merely established that he did not own it, just as you pointed out. I see I have no more time unless you have any other questions. Okay, thank you very much. Thank you, your honors. Very briefly, your honors, I'd like to respond to the allegations and the responses and the answer. I'm also looking at page 21 of the excerpts of record, which is the government's answer. First paragraph 1.3, which is just an admission by the government that they own adjacent property. It is not a claim to the disputed property. What Mr. Vander Paul has tried to do throughout the litigation is conflate their claim to their legal property, which exists over here, with a claim to title to the disputed property. They have never claimed to be disputable. That is to say, you're telling me then, and I'm now reading paragraph 1.3, federal defendant admits legal description set forth in Exhibit C. You're saying that legal description is not to the disputed property. No, not at all. That is their adjacent property. Adjacent property is not enough to establish federal court jurisdiction. You need a claim to the disputed property. And here, the government has never joined the dispute. They actually denied, in paragraph 3.4 of the answer, they denied any role in the dispute, and they haven't asserted a ripe claim. What they never did, they never did in this case, they never said, yes, the property, the river has moved by accretion and the boundary lines have moved. Yes, they admitted that, but they never took it a step further and says, now we have an ownership interest in the disputed property, and here's what it is. They never described that. Did the river move as between Vanderpoel's property and the government's property, or only as between Vanderpoel's property and Swinger's property? I think that's an issue in dispute, and I don't know the answer to that. But what's clear from the answer is that the government was never asserting a claim to the disputed property. So I think it's key that the court looks at paragraphs 1.4 and 3.4. Even if you find there's a claim, there's not a dispute. They denied that there's a dispute. The government sat back and didn't litigate this case at all until the very end of the case, where they got out like bandits. They got a stipulation and they got half the property. That was a year after the complaint was filed. They never actively litigated this case. This is just like the Black River in Alaska, in the Alaska case, which was mentioned. I'd like to just briefly... And I know you're over time, but 3.4 of the government's amended answer, that's what you're relying on? Yes. Paragraph 3.4 of the complaint was the allegation by Mr. Vanderpoel that there is a bona fide dispute between the three parties. And the last sentence in paragraph 3.4 of the answer, they deny each and every remaining factual allegation containing... That's where it comes through. Yes. So it's not clear from their answer. They don't say there's no dispute, but they're denying that paragraph of the complaint. Are there no further questions, Your Honor? Okay. Now, this is a little out of the ordinary because typically it's you go, he goes, and you go. But I would like Mr. Lee, if you would mind, responding to the argument that you just made, and then you'll have a chance to respond. You just argued that 1.3 in the government's answer refers to land that is not the disputed land. I'd like to hear from Mr. Lee on that point. I would like to... Wait till you get up here and then talk. I would like to just... One comment that you had, one question you had is, did the river move as to the United States and Mr. Vanderpoel and Mr. Swinger's property? Yes. The US property and Mr. Vanderpoel's property are on one side of the river and Mr. Swinger's on the other side. So the river moved for all three of them. Right. Not as between the US and Vanderpoel. No. We share a property line. We're both on the same side of the river. I do have a map, but I think I'm out of time for that. You're referencing paragraph 1.3, Your Honor? Yes. And as I understood the argument from the other side, from Mr. Shoemade, it is that the land in that description is not the disputed property. What's your response to that? Well, the legal description of Exhibit C is the land that's owned in fee title to the United States. Its boundary is determined by the location of the river. So yes, it is part of the disputed area because as the river moves, its boundary moves on the ground. And so yes, it is part of the disputed area because the government owns to the bank of the river. So that's the disputed area, the location of... I understand your response. So yes, it is part of Exhibit C. I understand your response. Yeah. And do you have a response to that? Sure, Your Honor. Okay. Page 43 is the legal description of the United States property, Government Lot 9, Section 35, Township 40 North, Range 2 East of WM. That is the legal description of their property on the county record. When you say their property, who's they? The government's property, Exhibit C. Just because Mr. Vanderpoel accurately described their title to the other property doesn't constitute a claim by the United States that yes, the river has moved, we now own a portion of Mr. Swinger's property. It's not a claim, it's just a legal description of the adjacent property. Got it. Thank you, Your Honor. Okay. Thank both sides. I think we've got a pro bono argument on one side. This has nothing to do with the merits of the case, jurisdiction, not jurisdiction, but we appreciate the pro bono help. Thank both sides for your very good arguments. Thank you, Your Honor. Vanderpoel versus Swinger now submitted for decision.
judges: Wilken, Fletcher, Fisher